```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                                  Case No. 18-03405-HWV
Chris Dean Blasser                                                      Chapter 13
Anita M Blasser
          Debtors                       CERTIFICATE OF NOTICE
District/off: 0314-1          User: MMchugh               Page 1 of 2              Date Rcvd: Sep 24, 2018
                              Form ID: pdf002             Total Noticed: 44


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2018.
db/jdb         +Chris Dean Blasser,   Anita M Blasser,   5756 York Rd,   Spring Grove, PA 17362-8052
5096346        +American National Bank/G,   1797 NE Expressway,   Atlanta, GA 30329-7803
5096347        +Breg Inc,   P O Box 1259,   Dept #132849,   Oaks, PA 19456-1259
5096348        +Bureaus Investment Group,   C/O Stoneleigh Recovery Assocs,   P O Box 1479,
                 Lombard, IL 60148-8479
5096352        +Central Medical Equipment Co,   DBA Dynamic Healthcare Svcs,   35 Sarhelm Rd,
                 Harrisburg, PA 17112-3339
5096353        +Comenity Capital Bank,   C/O American Coradius International,   2420 Sweet Home Rd Ste 150,
                 Buffalo, NY 14228-2244
5096354        +Commercial Acceptance Co,   2300 Gettysburg Rd,   Ste 102,   Camp Hill, PA 17011-7303
5096355        +D&A Services,   1400 E Touchy Ave,   Ste G2,   Des Plaines, IL 60018-3338
5096356        +ERC,   P O Box 23870,   Jacksonville, FL 32241-3870
5109996       ++FORD MOTOR CREDIT COMPANY,   P O BOX 62180,   COLORADO SPRINGS CO 80962-2180
               (address filed with court: Ford Motor Credit Company LLC,   Dept. 55953,   PO Box 55000,
                 Detroit, MI. 48255-0953)
5096357        +Ford Motor Credit,   P O Box 542000,   Omaha, NE 68154-8000
5096358        +Gettysburg Hospital,   147 Gettys St,   Gettysburg, PA 17325-2536
5096364        +North Shore Agency,   270 Spagnoli Rd,   Ste 110,   Melville, NY 11747-3515
5096366        +Penn State Hershey Medical Center,   C/O Bureau of Acct Mgmt,   3607 Rosemont Ave Ste 502,
                 Camp Hill, PA 17011-6943
5096367        +Pressler and Pressler,   7 Entin Rd,   Parsippany, NJ 07054-5020
5096368        +Psychological Assocs of PA,   2647 Carnegie Rd,   York, PA 17402-3786
5096375        +SYNCB/Home Design C/O Second Round,   Taurus Law Group,   100 Cummings Ctr Ste 246P,
                 Beverly, MA 01915-6117
5104884        +Santander Bank, N.A.,   450 Penn Street,   MC 10-421-MC3,   Reading, PA 19602-1011
5096369        +Sears,   P O Box 6282,   Sioux Falls, SD 57117-6282
5096371        +Select Portolio Servicing,   10401 Deerwood Park Blvd,   Jacksonville, FL 32256-5007
5096379        +TD Bank USA/Target Credit,   P O Box 673,   Minneapolis, MN 55440-0673
5096380        +THD/CBSD,   P O Box 6497,   Sioux Falls, SD 57117-6497
5096381        +Time Life/Star Vista,   C/O North Shore Agency,   270 Spagnoli Rd Ste 110,
                 Melville, NY 11747-3515
5096383        +York Hospital,   PO Box 15124,   1001 S George St,   York, PA 17403-3645

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5096349        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 24 2018 19:34:41     Capital One,
                 P O Box 30281,   Salt Lake City, UT 84130-0281
5096350        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 24 2018 19:34:41
                 Capital One Bank USA NA,   P O Box 30281,   Salt Lake City, UT 84130-0281
5096351        +E-mail/Text: bkr@cardworks.com Sep 24 2018 19:20:32     Carson Smithfield LLC,   P O Box 9216,
                 Old Bethpage, NY 11804-9016
5096943        +E-mail/Text: bankruptcy@cavps.com Sep 24 2018 19:21:30     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
5096359        +E-mail/Text: bankruptcy@greenskycredit.com Sep 24 2018 19:20:39     Green Sky Loan Services,
                 P O Box 935427,   Atlanta, GA 31193-5427
5096360        +E-mail/Text: julie.baugher@pinnaclehealth.org Sep 24 2018 19:20:40     Hanover Hospital,
                 300 Highland Ave,   Hanover, PA 17331-2203
5108510         E-mail/Text: bkr@cardworks.com Sep 24 2018 19:20:32     MERRICK BANK,
                 Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
5096362        +E-mail/Text: bkr@cardworks.com Sep 24 2018 19:20:32     Merrick Bank,   P O Box 9201,
                 Old Bethpage, NY 11804-9001
5096361        +E-mail/Text: bkr@cardworks.com Sep 24 2018 19:20:32     Merrick Bank,   P O Box 1500,
                 Draper, UT 84020-1500
5096363        +E-mail/Text: bankruptcydpt@mcmcg.com Sep 24 2018 19:21:13     Midland Funding LLC,
                 2365 Northside Dr,   Ste 300,   San Diego, CA 92108-2709
5096365         E-mail/Text: paparalegals@pandf.us Sep 24 2018 19:21:45     Patenaude & Felix APC,
                 213 E Main St,   Carnegie, PA 15106
5096669        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 24 2018 19:45:23
                 PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5096372         E-mail/Text: appebnmailbox@sprint.com Sep 24 2018 19:21:12     Sprint,   P O Box 4191,
                 Carol Stream, IL 60197
5096374        +E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:34:11     SYNCB/Amazon,   PO Box 965060,
                 Bankruptcy Dept,   Orlando, FL 32896-5060
5096376        +E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:34:11     SYNCB/Lowes,   P O Box 965005,
                 Orlando, FL 32896-5005
5096377        +E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:34:38     SYNCB/PayPal,   P O Box 965005,
                 Orlando, FL 32896-5005
5096378        +E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:34:11     SYNCB/Wolf Furniture,
                 P O Box 96060,   Bankruptcy Dept,   Orlando, FL 32896-0001
5108814        +E-mail/Text: bankruptcy@sccompanies.com Sep 24 2018 19:20:33     Stoneberry,
                 c/o Creditors Bankruptcy Service,   P.O. Box 800849,   Dallas, TX 75380-0849
5096373        +E-mail/Text: bankruptcy@sccompanies.com Sep 24 2018 19:20:33     Stoneberry,   P O Box 2820,
                 Monroe, WI 53566-8020
```

```
District/off: 0314-1           User: MMchugh               Page 2 of 2                   Date Rcvd: Sep 24, 2018
                               Form ID: pdf002             Total Noticed: 44
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
5096382        +E-mail/Text: bnc-bluestem@quantum3group.com Sep 24 2018 19:21:36      Webbank/Fingerhut,
                 6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                              TOTAL: 20

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
5096370      ##+Second Round LP,   4150 Freidrich Lane Ste I,   Austin, TX 78744-1052
                                                                                   TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2018                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 24, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James    Warmbrodt    on behalf of Creditor    U.S. Bank National Association, as indenture trustee,
               for the CIM trust 2016-2, Mortgage-Backed Notes, Series 2016-2 bkgroup@kmllawgroup.com
              Michael John Csonka    on behalf of Debtor 2 Anita M Blasser office@csonkalaw.com,
               kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
              Michael John Csonka    on behalf of Debtor 1 Chris Dean Blasser office@csonkalaw.com,
               kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Chris Dean Blasser**
**Anita M Blasser**

CHAPTER 13
CASE NO.    1:18-bk-03405

☑ ORIGINAL PLAN
☐ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. ☐ Included ☑ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. ☑ Included ☐ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. ☐ Included ☑ Not Included

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**74,775.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2018 | 09/2023 | 483.33 | 762.92 | 1,246.25 | 74,775.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $74,775.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
   _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
   _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| **Select Portolio Servicing** | 10401 Deerwood Park Blvd; Jacksonville, FL 32256 | 8352 | $762.92 |
| **Ford Motor Credit** | P O Box 542000; Omaha, NE 68154 | 4968 | $88.45 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If

post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Select Portolio Servicing | 5756 York Rd Spring Grove, PA 17362 York County | $16,500.00 | $0.00 | $16,500.00 |

    D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

    1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

    2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

    3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Select Portolio Servicing | 5756 York Rd Spring Grove, PA 17362 York County | $65,230.63 | 8.182% | $45,775.20 |

    E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Ford Motor Credit | 2014 Ford Escape 41,000 miles<br>KBB TI<br>KBB PP<br>Good condition | $4,688.00 | 0% | $4,688.00 | Plan |

    **F.**    **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**    **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**    **PRIORITY CLAIMS.**

    **A.**    **Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees.</u> Complete only one of the following options:

            a.    In addition to the retainer of $ **750.00** already paid by the Debtor, the amount of $ **3,250.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

            b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
            *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B.**    **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    **C.**    **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**    **UNSECURED CLAIMS**

    **A.**    **Claims of Unsecured Nonpriority Creditors Specially Classified.**
        *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B.**    Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

**5.**    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

4

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.  **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☑ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case:

7.  **DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).

    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8.  **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     _____
Level 2:     _____
Level 3:     _____
Level 4:     _____
Level 5:     _____
Level 6:     _____
Level 7:     _____
Level 8:     _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     Timely general unsecured claims.
Level 8:     Untimely filed general unsecured claims to which the Debtor has not objected.

9.  **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

5

Dated: **September 5, 2018**　　　　　　　　　　　　　　　　　　　**/s/ Michael J. Csonka**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Michael J. Csonka 91232**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Chris Dean Blasser**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Chris Dean Blasser**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Anita M Blasser**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Anita M Blasser**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 10.